Paul BELLIKOFF, derivatively on behalf of Bristol–Myers Squibb, Plaintiff–Appellant,

Stephen Guttenberg, derivatively on behalf of Bristol–Myers Squibb Company, Benjamin Langford, Richard Abeles, Samuel Todd Agris, Anna Provorny, Consolidated Plaintiffs–Appellants,

v.

PRICEWATERHOUSECOOPERS, LLP, Defendant–Appellee,

Bristol–Myers Squibb, a Delaware Corporation, Nominal Defendant,

Charles A. Heimbold Jr., Peter R. Dolan, Leif Johansson, Vance D. Coffman, Ellen V. Futter, Louis W. Sullivan, Robert E. Allen, Laurie H. Glimcher, Michael F. Mee, Frederick S. Schiff, Richard J. Lane, Peter S. Ringrose, Louis B. Campbell, Louis V. Gerstner Jr., James D. Robinson III, Kenneth E. Weg, John L. Skule III, Harrison M. Bains Jr., Curtis L. Tomlin, Consolidated Defendants.

No. 07–1901–cv.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

Lee Squitieri, Squitieri & Fearon, LLP, New York, N.Y., and Daniella Quitt, Wechsler Harwood LLP, New York, N.Y., for Appellants.

Howard M. Shapiro (Stuart F. Delery, Julie J. Song, and Rebecca G. Deutsch, on the brief), Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for Appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

The Consolidated Plaintiffs–Appellants ("Shareholders") appeal from a judgment of the United States District Court for the Southern District of New York (Preska, J.) granting the motion to dismiss of Appellee PricewaterhouseCoopers, LLP ("PwC") pursuant to Fed.R.Civ.P. 9(b), 12(b)(6), 12(b)(7), 19(b) & 23.1. We assume the parties' familiarity with the facts, procedural history, and issues presented on appeal.

Our review of the District Court's judgment dismissing the Shareholders' complaint is plenary because the Shareholders have challenged the "legal precepts applied by the district court in making a discretionary determination." *Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133, 137 (2d Cir.2004). In reviewing a grant of a motion to dismiss *de novo*, we must take "as true all allegations in the complaint, and draw[ ] all reasonable inferences therefrom in the [plaintiffs'] favor." *Koppel v. 4987 Corp.*, 167 F.3d 125, 130 (2d Cir.1999) (internal quotation marks omitted).

Under Delaware law, which applies here because Bristol–Myers Squibb ("BMS") was incorporated in Delaware, *see RCM Sec. Fund, Inc. v. Stanton,* 928 F.2d 1318, 1326 (2d Cir.1991), plaintiffs in derivative actions must plead either demand futility or wrongful refusal of demand, *Levine v. Smith,* 591 A.2d 194, 200 (Del.1991), *overruled on other grounds by Brehm v. Eisner,* 746 A.2d 244, 253 n. 13, 254 (Del. 2000). Whether demand is futile is determined by one of two tests articulated in *Aronson v. Lewis,* 473 A.2d 805, 814 (Del. 1984), *overruled on other grounds by Brehm,* 746 A.2d at 254 ("*Aronson* test"), and *Rales v. Blasband,* 634 A.2d 927, 933–34 (Del.1993) ("*Rales* test"). Under the *Rales* test, which applies here because the subject of the Shareholders' derivative suit is not a business decision of the Board, demand is excused as futile only where particularized factual allegations create a reasonable doubt that, as of the time the complaint was filed, the Board could have properly exercised its independent and disinterested business judgment in responding to a demand. *See Rales,* 634 A.2d at 934. We reject the Shareholders' contention that *Rales* is inapposite here and that *Kaplan v. Peat, Marwick, Mitchell & Co.,* 540 A.2d 726 (Del.1988), instead governs the inquiry into whether they have adequately pleaded demand futility. Unlike *Kaplan,* in which the corporation expressed a position of neutrality respecting its shareholders' derivative litigation, the record in this case reflects BMS's opposition to the Shareholders' derivative action and thus refutes any claim of BMS's neutrality. In addition, we find it significant that *Kaplan* preceded *Rales.* Finally, we note that even if we were to follow *Kaplan* here, the Court must "examine the position or policy espoused by the corporation which [the pre-suit demand requirement] seeks to protect." *Kaplan,* 540 A.2d at 731. In this case, BMS—the corporation whom we must endeavor to protect—opposed the Shareholders' litigation. This Court must respect the BMS Board's position.

Because the Shareholders do not appeal the District Court's conclusion that the complaint did not plead improper director interest or lack of directorial independence with particularized facts as required under *Rales,* they have not satisfied the applicable pleading requirements in this derivative action, and the District Court therefore did not err in dismissing their complaint.

The judgment of the District Court is AFFIRMED.